IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| TINA LAWLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-00898 |
| ) | |
| HAVERTY FURNITURE ) | |
| COMPANIES, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff Tina Lawler (hereinafter "Plaintiff" or "Lawler"), and files her Complaint against the Defendant Haverty Furniture Companies, Inc. (hereinafter "Defendant" or "Haverty") and in support states:

**NATURE OF THE ACTION**

1. This is an action for monetary damages and injunctive relief, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq.* ("FCRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and hostile work environment because of her sex, and retaliation following her engagement in protected activity, leading to Plaintiff's unlawful termination under pretext.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen of the United States, and at all times material her primary residence was in Charlotte County, Florida.

6. Defendant is a foreign profit corporation with its principal place of business located in Atlanta, Georgia.

7. Plaintiff last worked for Defendant at its 2000 Tamiami Trail, Port Charlotte, Florida 33948 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On February 23, 2021, Plaintiff dual-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sex, sexual harassment, and retaliation.

11. Plaintiff's charge was filed within three hundred days after the unlawful employment practices occurred.

12. On September 14, 2021, the EEOC issued Plaintiff a Notice of Right to Sue.

13. This complaint was filed within ninety (90) days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff is a female.

15. Plaintiff was hired by Defendant as a Sales Consultant on or about December 11, 2017.

16. Plaintiff satisfactorily performed the job requirements of her position while employed with Defendant.

17. Throughout her tenure with Defendant, Plaintiff was the target of persistent sexual harassment and sex-based discrimination by her coworkers and members in management.

18. On August 6, 2018, Sales Associate George Sankey (male) physical grabbed Plaintiff by the arm and screamed at her. This behavior was not out of the norm as Sankey would regularly yell at, berate, and threaten Plaintiff.

19. Plaintiff's Sales Manager Lenny Grimando made unsolicited remarks to her about her body in front of her coworkers and customers including stating her "boobs will shrink" if she loses weight. Grimando would also ask Plaintiff if she thought certain customers' breasts were real and would make sexual or inappropriate comments about women who would come into the store wearing skirts and lie down on the beds to test them speculate about whether they were wearing underwear.

20. On May 17, 2020, John Goresh (male) commented to Plaintiff that customers only remember her because she has "tits." Goresh also informed Plaintiff and other employees in passing that he had been accused of sexually harassing a female employee at the company's Fort Myers location and talked about his efforts to stalk the female associate involved on social media.

21.     Another incident occurred on November 24, 2020, involving Sankey and Goresh. While in front of Plaintiff, Sankey and Goresh played a song titled, "The Camel Toe Song," which is a song about vaginas and includes lyrics such as, "Your labia, your vulva oh you know I love ya. Pudenda, vagina, nothing could be finer. It's furry, it's fluffy, lookin' kinda puffy. Your camel toe."

22.     As the sexual harassment and hostile work environment was occurring, Plaintiff made multiple complaints.

23.     On August 7, 2018, Plaintiff complained to Grimando about Sankey's behavior, but he refused to take any action.

24.     On November 3, 2019, Plaintiff made a complaint to Store Manager Dennis Grube about being sexually harassed by Grimando.

25.     Plaintiff complained about the sex-based discrimination and sexual harassment to Grube again on May 26, 2020, and still no action was taken to address these serious issues.

26.     On November 28, 2020, Plaintiff sent an email to Regional Manager Randy Wood (male) complaining about Sankey and Goresh playing the sexually inappropriate song, notified Wood that other employees had made sexually inappropriate comments to her about customers, and that as a result of the hostile work environment she was suffering from anxiety attacks.

27.     Despite her numerous complaints, Defendant did not take any action to address or correct the sexual harassment and hostile work environment.

28.     The hostile work environment continued to escalate until November 30, 2020. On that date, Sankey intentionally walked up behind Plaintiff while she was at the Up desk and grazed her body with his running his hand along her back. This incident caused Plaintiff to experience a

panic attack. This escalation and unwanted touching caused Plaintiff to suffer a panic attack which contributed and caused her to then suffer a heart attack.

29. Due to Defendant's failure to act to address the sexual harassment and hostile work environment, Plaintiff was constructively discharged from her employment.

30. Defendant knew or should have known of the sexual harassment and retaliatory conduct because its supervisor(s) and members of management observed it and/or participated in it.

31. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

32. The unlawful employment practices complained of in the above-mentioned paragraphs were intentional.

33. The unlawful employment practices complained of in the above-mentioned paragraphs were done with malice or with reckless indifference to the statutory and/or federally protected rights of Plaintiff.

34. Plaintiff has been damaged by Defendant's illegal conduct.

35. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count I: Sexual Harassment in Violation of Title VII

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

37. Defendant's sexually harassing actions were so frequent and severe that it created a hostile work environment.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII Plaintiff has suffered and continues to suffer, lost wages and lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count II: Sex Based Discrimination in Violation of Title VII

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

41. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

42. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

43. Defendant violated Title VII by terminating and discriminating against Plaintiff based on her sex.

44. Defendant intentionally discriminated against Plaintiff based on her sex.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII Plaintiff has suffered and continues to suffer, lost wages and lost benefits, as well as severe mental anguish and emotional distress, including but not limited to

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of Title VII

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

48. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

49. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

50. Defendant's conduct violated Title VII.

51. Defendant's discriminatory conduct, in violation of Title VII has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count IV: Sexual Harassment in Violation of the FCRA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

55. Defendant's sexually harassing actions were so frequent and severe that it created a hostile work environment.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count V: Sex Based Discrimination in Violation of the FCRA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

59. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of Plaintiff's sex.

60. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of Plaintiff's sex regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

61. Defendant violated the FCRA by unlawfully terminating and discriminating against Plaintiff based on her sex.

62. Defendant intentionally discriminated against Plaintiff based on her sex.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

64. Defendant's unlawful conduct in violation of the FCRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### Count VI: Retaliation in Violation of the FCRA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

66. Plaintiff engaged in protected activity under the FCRA while employed by Defendant.

67. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of her sex.

68. Defendant's conduct violates the FCRA.

69. Defendant's discriminatory conduct, in violation of the FCRA has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

70. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

71. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Florida Bar No. 92815
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gabrielle.klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*